IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONYA L. VARGAS, | : | CIVIL ACTION - LAW |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 02CV2619 |
| | : | |
| WAL-MART STORES, INC., | : | |
| | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

**DEFENDANT WAL-MART STORES, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), by and through its undersigned counsel, hereby answers Plaintiff's Complaint as follows:

1.  Denied. Defendant denies any unlawful, discriminatory or retaliatory conduct. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

2.  Denied. The allegations of this paragraph are denied as conclusions of law.

3.  Denied. The allegations of this paragraph are denied as conclusions of law.

4.  Denied. Defendant denies any unlawful conduct. The remaining allegations of this paragraph are denied as conclusions of law.

5.  Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

6.  Denied in part and admitted in part. It is admitted only that Wal-Mart is a Delaware corporation which operates a retail establishment at 2601 MacArthur Boulevard, Whitehall,

Pennsylvania, 18052. It is denied that Wal-Mart's place of business is 3601 Macarthur Road. By way of further response, Wal-Mart's principal place of business is in Bentonville, Arkansas.

7. Denied as stated. It is admitted only that Wal-Mart operates retail establishments where clothing, hardware, general household items and other merchandise is sold.

8. Denied. The allegations in this paragraph are denied as conclusions of law.

9. Admitted upon information and belief.

10. Admitted in part and denied in part. It is admitted only that at some point, Plaintiff reported a pregnancy. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

11. Denied.

12. Denied.

13. Denied.

14. Admitted in part and denied in part. It is admitted only that Miguel Vargas was employed at the Whitehall Wal-Mart store for a period of time. The remaining allegations, including allegations that Plaintiff was harassed and she and her husband reported such harassment, are denied.

15. Denied.

16. Denied.

17. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

18. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

25. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

26. Denied.

27. Admitted in part and denied in part. It is admitted only that Plaintiff was terminated for gross misconduct. The remaining allegations of this paragraph are denied.

28. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

29. Denied. Defendant denies any retaliatory, unfavorable, discriminatory or unlawful treatment. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

30. Denied.

### COUNT I - VARGAS v. WAL-MART
### PREGNANCY DISCRIMINATION

31. Defendant hereby incorporates its responses to paragraphs 1 through 30, as if set forth at length.

32. Denied.

WHEREFORE, Defendant demands judgment in its favor and against Plaintiff on all Counts together with costs, reasonable attorney's fees and such further relief that this Court deems just and proper.

### COUNT II - VARGAS v. WAL-MART
### SEXUAL HARASSMENT

33. Defendant hereby incorporates its responses to paragraphs 1 through 32, as if set forth at length.

34. Denied.

WHEREFORE, Defendant demands judgment in its favor and against Plaintiff on all Counts together with costs, reasonable attorney's fees and such further relief that this Court deems just and proper.

### COUNT III - VARGAS v. WAL-MART
### RETALIATORY DISCHARGE

35. Defendant hereby incorporates its responses to paragraphs 1 through 34, as if set forth at length.

36. Denied.

WHEREFORE, Defendant demands judgment in its favor and against Plaintiff on all Counts together with costs, reasonable attorney's fees and such further relief that this Court deems just and proper.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The causes of action asserted herein are barred by the applicable Statute of Limitations.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver, estoppel and/or laches in that Plaintiff failed to give timely notice.

## THIRD AFFIRMATIVE DEFENSE

The Complaint alleges no violation of any duty that the answering Defendant may have owed to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

The damages alleged in the Complaint are barred in whole or in part by the failure of Plaintiff to mitigate same.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to issue process within the time required by law, and thus Defendant is entitled to a dismissal of this action.

## SIXTH AFFIRMATIVE DEFENSE

Defendant, at all relevant times, acted in good faith in connection with any alleged interaction with Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust all administrative and statutory prerequisites prior to commencement of this action, including, but not limited to, good faith conciliation efforts.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's allegations fail to state a claim that would sustain the award of punitive damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff fails to present evidence to support a <u>prima facie</u> case of unlawful discrimination.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff was an at will employee of Defendant and, as such, could be terminated for any reason or no reason at all so long as the real reason is not otherwise unlawful under any applicable law.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to present evidence to demonstrate that Defendant's legitimate non-discriminatory reasons for her termination were pre-textual.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise the affirmative defense under <u>Faragher v. City of Boca Raton</u>, 118 S. Ct. 2257 (1998) in that Wal-Mart has in place reasonable remedial and preventive measures to eliminate harassment in the workplace, employs those measures upon reasonable notice of workplace harassment, and Plaintiff unreasonably failed to avail herself of such measures.

### THIRTEENTH AFFIRMATIVE DEFENSE

Wal-Mart had no actual or constructive notice of any alleged harassment.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant reserves its right to amend its affirmative defenses and pleadings through the course of discovery.

WHEREFORE, Defendant demands judgment in its favor and against Plaintiff on all Counts together with costs, reasonable attorney's fees and such further relief that this Court deems just and proper.

>Respectfully submitted,
>
>**McDONNELL & ASSOCIATES**
>
>BY:_____
>Patrick J. McDonnell, Esquire
>Courtney Seda McDonnell, Esquire
>Karen L. Green, Esquire
>Attorney I.D. Nos.:  62310/76236/74258
>601 So. Henderson Road, Suite 152
>King of Prussia, PA 19406
>TEL (610) 337-2087
>FAX (610) 337-2575
>Attorneys for Defendant Wal-Mart Stores, Inc.

DATED: June           , 2002

## CERTIFICATE OF SERVICE

KAREN L. GREEN, ESQUIRE hereby certifies that a true and correct copy of Defendant Wal-Mart Stores, Inc.'s Answer to Plaintiff's Complaint with Affirmative Defenses was served by United States first-class mail, postage prepaid on June         , 2002 to the counsel below named:

>Scott M. Pollins, Esquire
>1620 Schoolhouse Lane
>Lower Gwynedd, PA 19002-1902

_____
KAREN L. GREEN, ESQUIRE